ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 5, 2013

Mr. David Slayton
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-0986

Re: Whether a prosecutor may require that a defendant enter a guilty plea as a condition for participation in a pretrial diversion program under section 76.011 of the Texas Government Code (RQ-1072-GA)

Dear Mr. Slayton:

You ask whether a prosecutor may require that a defendant enter a guilty plea as a condition of a pretrial intervention program under section 76.011 of the Government Code.[1] Pretrial intervention, also known as pretrial diversion, generally involves a written agreement between the defendant and the prosecutor approved by the court before trial. As one court described the practice,

> [t]he State agrees to dismiss the case if the defendant performs certain conditions within a specified period of time. Both the State and the defendant request that the trial court continue the present trial setting to a certain date in the future to give the defendant time to comply with the agreed conditions. . . . On that date, the defendant must appear before the trial court. If the defendant has complied with the conditions of the agreement, the trial court grants the State's motion to dismiss the pending criminal charges. If the defendant has not complied with the conditions of the agreement, the case proceeds to trial as scheduled.

*Fisher v. State*, 832 S.W.2d 641, 643–44 (Tex. App.—Corpus Christi 1992, no writ). You explain that "[p]re-trial diversion pushes the time to establish guilt or innocence into the future and enables an individual to complete the program and have the charges dismissed." Request Letter at 3. You contend that "[t]he program was designed to allow the State to dismiss a case if the defendant complies with the agreed to conditions" and that "[r]equiring a defendant to plead guilty is inconsistent with this purpose." *Id.*

---

[1]*See* Letter from Mr. David Slayton, Admin. Dir., Office of Court Admin., to Honorable Greg Abbott, Tex. Att'y Gen. at 1, 4 (July 16, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

In examining a statute, our goal is "to give effect to the Legislature's intent as expressed in its plain language." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). Chapter 76 establishes community supervision and corrections departments ("Departments") in judicial districts and sets forth their various powers and responsibilities. *See generally* TEX. GOV'T CODE ANN. §§ 76.001–.018 (West 2005 & Supp. 2012). Subsection 76.011(a) provides that a Department may "operate programs for . . . the supervision and rehabilitation of persons in pretrial intervention programs[.]" *Id.* § 76.011(a)(1) (West Supp. 2012). Subsection 76.011(b) specifies that such a program "may include reasonable conditions related to the purpose of the program, including testing for controlled substances." *Id.* § 76.011(b). The statute does not, however, provide further guidance on the purpose of a pretrial intervention program. Nor does the statute elaborate on what constitutes a "reasonable condition," other than to expressly provide that drug testing is one such condition, or indicate how reasonableness shall be determined.

Given the lack of any statutory or judicial authority addressing your question, our guidance is necessarily limited. In some cases legislative silence can support deductions or conclusions about legislative intent. *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship,* 146 S.W.3d 79, 84, 87 (Tex. 2004). Here, however, the gap in legislative language is simply too large for the blanks to be filled in.

As you point out, according to the court in *Fisher v. State*, the purpose of pretrial intervention is to provide the defendant with an opportunity to have the charges dismissed prior to a finding of guilt or innocence. 832 S.W.2d at 643. Requiring a guilty plea as a condition of pretrial intervention arguably conflicts with this purpose. Moreover, the Legislature recently amended the criminal expunction statute to provide that, under certain circumstances, a person who has completed a pretrial intervention program under section 76.011 is entitled to have his arrest records expunged. Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019–20 (now codified at TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp. 2012)). This suggests that a pretrial intervention program is intended to give a defendant a chance to atone for wrongdoing without suffering the consequences of a judgment against him, which lends further support to the view that requiring a guilty plea is inconsistent with the purposes of pretrial intervention.

On the other hand, there is no legal authority directly limiting the scope of a pretrial intervention agreement. At least one court has found that "[p]re-trial diversion agreements . . . are akin to negotiated plea agreements, which have been equated to a contract." *In re D.R.R.*, 322 S.W.3d 771, 773 (Tex. App.—El Paso 2010, no pet.) (citing *Ex parte Williams,* 637 S.W.2d 943, 947–48 (Tex. Crim. App. 1982)). The Texas Court of Criminal Appeals has noted that "plea agreements may contain a variety of stipulations and assurances, depending on the desires of the State and the defendant." *State v. Moore*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007). The Court further noted that "the terms of the plea agreement are left solely to 'the parties who are dealing at arm's length[,] [and] [t]his Court will not interfere with those terms unless they appear to be manifestly unjust.'" *Id.* at 251 (quoting *Williams,* 637 S.W.2d at 948); *see also* TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005) ("It shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done."). While it may be

fair to say that pretrial diversion agreements are different in character from plea agreements, it is equally fair to say that neither statutes nor judicial decisions offer useful guidance about the permissible parameters of pretrial diversion agreements. We have not found any law prohibiting a prosecutor from using a guilty plea as a condition of pretrial intervention.

Due to the lack of legal authority on this matter, we cannot advise you definitively as to whether a prosecutor may require defendants to plead guilty as a condition for pretrial intervention under section 76.011 of the Government Code. Our office can advise you only on the current state of the law. We cannot make law where it does not yet exist. Because existing Texas law contains virtually no useful legal guidance regarding pretrial intervention programs, it is for the Legislature to provide a more explicit legal framework governing the scope and operation of pretrial intervention in this State. Until the Legislature does so, we cannot answer your first question.

You seek an answer to your second question only if we answer your first question in the affirmative. Because we do not definitively answer your first question, we will not address your second question.

## S U M M A R Y

Due to the lack of controlling legal authority, we cannot advise you whether a prosecutor may require defendants to plead guilty as a condition for pretrial intervention under section 76.011 of the Government Code. It is for the Legislature to provide a more explicit legal framework governing the scope and operation of pretrial diversion in this State.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee